UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
FEIGE RUTNER,                                                 :
                                                              :   Case No.: 1:19-cv-01973
            Plaintiff,                                        :
                                                              :
        v.                                                    :   **NOTICE OF REMOVAL FROM**
                                                              :   **NEW YORK STATE SUPREME**
CITIBANK, N.A.,                                               :   **COURT, COUNTY OF KINGS**
                                                              :   INDEX NO. 503810/2019
            Defendants.                                       :
                                                              :
                                                              :
                                                              :
-------------------------------------------------------------X

## DEFENDANT CITIBANK, N.A.'S NOTICE OF REMOVAL

Defendant Citibank, N.A. ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331 and 1441(a).  As stated below, plaintiff asserts claims under federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.  Therefore, federal question jurisdiction exists here.

## BACKGROUND

1.  Plaintiff Feige Rutner ("Plaintiff") filed a Complaint in the Supreme Court of the State of New York, County of Kings, under Index No. 503810/2019 (the "State Court Action"), against Defendant on or about February 20, 2019.  A true and correct copy of the complaint (the "Complaint"), representing all pleadings filed in the State Court Action, is attached hereto as **Exhibit A**.

2.  In the Complaint, Plaintiff alleges that Defendant "continued to call Plaintiff's cell phone numbers despite her explicit request for the calls to stop."  Compl. at ¶ 12.

3.   Based thereon, Plaintiff asserts claims for alleged violations of the TCPA. *Id.* at ¶¶ 13-20.

4.   Defendant has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.  By filing this notice of removal, Defendant does not waive any defense that may be available, including, but not limited to, lack of *in personam* jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted, and/or failure to join a necessary party, or any right to compel arbitration.

5.   This Notice of Removal is timely as the 30-day time period set forth in 28 U.S.C. § 1446(b)(1) has not yet expired.  *See* 28 U.S.C. § 1446(b)(1).

**JURISDICTIONAL BASIS FOR REMOVAL**

6.   Plaintiff alleges that Defendant's conduct violated federal law—the TCPA, 47 U.S.C. §227, *et seq*.  *See generally* Compl.

7.    Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because claims asserted by Plaintiff arise under the laws of the United States, and such claims are within the original jurisdiction of this Court under 28 U.S.C. § 1331.

**VENUE**

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the United States District Court for the Eastern District of New York embraces the place where this action is pending, the Supreme Court of the State of New York, Kings County.

9.   Further, Local Rule 50.1 provides that a civil case shall be designated a Long Island case if the case was removed "from a New York State court located in Nassau or Suffolk County" or in other cases, if "a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County" or "did not occur in the Eastern District

of New York and the defendant (or a majority of the defendants if there is more than one) resides in Nassau or Suffolk County." All other cases are assigned to the Brooklyn Division.

10. The Complaint was filed in the Supreme Court of the State of New York, Kings County, a substantial part of the events at issue did not occur in Nassau or Suffolk County, and none of the defendants resides in Nassau or Suffolk County. In addition, Plaintiff alleges that her address is 154 Rutlede Street, New York, 11211. Therefore, the Brooklyn Division is the proper division.

## TIMELINESS OF REMOVAL

11. The Complaint was filed on February 20, 2019.

12. The Complaint and Summons were served upon Defendant on March 7, 2019. Accordingly, this Notice is timely because it has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446(b).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

13. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

14. Aside from the summons and the Complaint served upon Defendant, no other process, pleading, or order has been sent to or received by Defendant in the State Court Action. *See* 28 U.S.C. § 1446(b).

15. As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on Plaintiff, as well as the Clerk of the Court for the Supreme Court of the State of New York, County of Kings. A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

WHEREFORE, Defendant Citibank, N.A. hereby removes the above-captioned action now pending in the Supreme Court of the State of New York, County of Kings, to the United

States District Court for the Eastern District of New York, Brooklyn Division, and requests that this Court assume full jurisdiction over this case as provided by law.

Respectfully submitted,

Dated:  April 5, 2019                    */s/ Denise L. Plunkett*
Denise L. Plunkett, Esq.
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (212) 223-0200
Fax:  (212) 223-1942
PlunkettD@ballardspahr.com

*Attorneys for Defendant Citibank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I caused a copy of the foregoing Notice of Removal to be served by first class mail, postage prepaid, upon the following:

> Edward B. Geller, Esq.
> Edward B. Geller, Esq., P.C., Of Counsel to
> M. HARVEY REPHEN & ASSOCIATES, P.C.
> 15 Landing Way
> Bronx, New York 10464
> *Attorney for Plaintiff*

> */s/ Denise L. Plunkett*
> Denise L. Plunkett